UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD BALL and
MARGOT GRAVEL,

    Plaintiffs,

v.                                                     Case No. 8:21-cv-2773-TPB-DAB

KNAUF GIPS KG, KNAUF
PLASTERBOARD TIANJIN CO.
LTD., and KNAUF NEW BUILDING
SYSTEM (TIANJIN) CO. LTD.,

    Defendants.
_____/

**ORDER ADOPTING IN PART, AND REJECTING
IN PART, REPORT AND RECOMMENDATION**

This matter is before the Court on the "Report and Recommendation on Motion for Partial Summary Judgment on Issues Common to All Cases" of David A. Baker, United States Magistrate Judge (Doc. 63) (the "Report"). Judge Baker recommends that "Defendants' Motion for Partial Summary Judgment as to Issues Common to All Cases and Incorporated Memorandum of Law" (Doc. 50) be granted in part as it relates to Plaintiffs' claims under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), and denied in part as it relates to Plaintiffs' claim for punitive damages. This Court previously affirmed and adopted the Report on the issue of FDUTPA and deferred ruling on punitive damages. On the issue of punitive damages,

the Court now adopts the Report to the extent it recommends denying summary judgment but rejects some of the Report's reasoning supporting that result.

## Background

Plaintiffs filed twenty-five related cases in this district against Defendants Knauf Gips KG and Knauf New Building System (Tianjin) Co. Ltd. (collectively the "Knauf Defendants"), asserting claims under various legal theories for damages from defective drywall manufactured by the Knauf Defendants and placed in the stream of commerce. Specifically, Plaintiffs claim that components of the drywall installed in their homes reacted or broke down and released harmful sulfur compounds and other gases.

The history of these "Chinese drywall" cases is set forth in the Background section of the Report, which is incorporated by reference. Briefly summarized, Plaintiffs' claims were previously pending in a multidistrict litigation in the Eastern District of Louisiana (MDL 09-2047), presided over by District Judge Eldon E. Fallon. Following Judge Fallon's suggestion of remand and further proceedings, these twenty-five unresolved cases were transferred to this district, severed, and filed as separate actions. The cases were uniformly assigned to Judge Baker for pretrial matters, including orders or reports and recommendations as appropriate.

The Knauf Defendants filed one motion for summary judgment in each of these cases addressing common issues and one motion in each case addressing issues specific to the particular case. The Report at issue here addresses motions relating to two common issues: (1) whether claims for punitive damages are barred by § 768.73(2),

*F.S.*, and (2) whether claims under FDUTPA, § 501.201 *et seq.*, are limited to the reduced or diminished value of the drywall (or the cost of the drywall, to the extent it is worthless and must be replaced).  The Report recommends that the Court grant the motions in part and deny them in part.  The Knauf Defendants filed an objection to the Report in each of the cases on November 2, 2022.  Plaintiffs filed no objection.

With consent, review of the Report and consideration of any objections was assigned to the undersigned.  The cases remain under the authority of their assigned district judges in all other respects.  On January 31, 2023, the undersigned entered an identical Order in this case and the twenty-four other cases, adopted the Report to the extent it addressed the damages recoverable under FDUTPA, and deferred ruling on the issue of successive punitive damages.  This Order addresses the punitive damages issue upon which ruling was previously deferred.

## **Legal Standard**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982).  A district court must "make a de novo determination of those portions of the [report and recommendation] to which an objection is made."  28 U.S.C. § 636(b)(1)(C).

## Analysis

On the issue of the availability of a successive punitive damage award in this case, after careful consideration of the record, including Judge Baker's detailed and thorough Report, the Court adopts the Report in part and rejects it in part, as set forth below.

### *The Knauf Defendants' Motion for Summary Judgment*

The Knauf Defendants seek summary judgment based on § 768.73(2), *F.S.* This provision precludes an award of punitive damages in a civil action against a defendant who "establishes, before trial, that punitive damages have previously been awarded against that defendant in any state or federal court in any action alleging harm from the same act or single course of conduct for which the claimant seeks compensatory damages." § 768.73(2)(a), *F.S.* If, however, "the court determines by clear and convincing evidence that the amount of prior punitive damages awarded was insufficient to punish that defendant's behavior, the court may permit a jury to consider a subsequent award of punitive damages." § 768.73(2)(b), *F.S.*

The Knauf Defendants argue that under this statute, summary judgment should be granted on punitive damages based on a prior judgment against them for compensatory damages and $6 million in punitive damages entered in *Robin v. Knauf Plasterboard (Tianjin) Co. Ltd.*, Case No. 10-59323-CA-01, in Miami-Dade Circuit Court in 2014. They contend that Plaintiffs have not shown by clear and convincing evidence that the prior award was insufficient to punish their behavior in light of other evidence as to the Knauf Defendants' payments and other conduct. Plaintiffs

argue in response that to determine whether a prior award was sufficient to punish the defendant's behavior, the court should consider the amount actually paid by the defendant in satisfaction of the award, which is unknown here, and that the evidence creates issues of fact on whether the prior award constituted insufficient punishment.

### *The Report*

The Report concludes that the term "award" in § 768.73(2), *F.S.* should be construed to require that there be a "prior final enforceable judgment for punitive damages" for the statute to apply. The Report further states that "a trial court judgment, the validity of which was questioned on appeal, cannot be deemed an 'award' when the appellate process is pretermitted by a settlement." The *Robin* case settled while an appeal of the judgment was pending, and as a result, the Report concludes the judgment in that case cannot constitute an "award" for purposes of § 768.73(2), *F.S.*

The Report also concludes that, even if the *Robin* judgment triggered the operation of § 768.73(2)(a), *F.S.,* issues of fact still exist as to whether the prior award constituted insufficient punishment under subsection (2)(b). Accordingly, the Report recommends that the Court deny the motions for partial summary judgment without prejudice as "insufficiently showing a preclusive award and further establish a schedule for final briefing and hearing on whether 'clear and convincing evidence [shows] that the amount of prior punitive damages awarded was insufficient punish [Defendants'] behavior.'"

*The Meaning of "Award" in § 768.73(2), F.S.*

The Court declines to adopt the Report to the extent it holds that the term "award" as used in § 768.73(2), *F.S.*, requires either (1) actual payment by the defendant of a prior award or (2) a prior judgment for punitive damages that either cannot be appealed or, if appealed, has been affirmed. The Court finds that on this issue, it is obligated to follow existing caselaw from the Florida state courts including the Fourth District Court of Appeal's decision in *Knauf Plasterboard (Tianjin) Co., Ltd. v. Ziegler*, 219 So. 3d 882 (Fla. 4th DCA 2017). *See McMahan v. Toto*, 311 F.3d 1077, 1080 (11th Cir. 2002).

In *Ziegler*, the trial court had held that the plaintiffs, who were opposing the defendants' right to avoid punitive damages under § 768.73(2), were entitled to discovery as to the amount actually paid by defendants to settle the prior punitive damages award in *Robin*. The trial judge reasoned that the statute would have "no import" if the defendants actually paid nothing, and that the statute's "protection implied the defendant paid a fair share of the punitive damages" because otherwise, the trial court said, the statute was not producing the "protection intended." The trial court accordingly ordered the defendants to provide discovery on the settlement.

The Fourth District quashed the trial court's order, relying primarily on the precise language of the statute. As set forth in *Ziegler*, the defendants argued the trial court "departed from the essential requirements of law by misreading the statute, which is clear on its face, and by ordering production of irrelevant and confidential settlement information in an unrelated case." The payment information sought by the

plaintiff, the defendants argued, was irrelevant, "because the statute speaks only in terms of an award." The Fourth District agreed with the defendants:

> We agree with the drywall defendants' argument that section 768.73(2) speaks only in terms of a prior punitive damage "award." In fact, some derivation of the word "award" appears eight times within this subsection.  But, not once does any derivation of the word "paid" appear. The statute is clear on its face. We will not infer any other meaning than the plain words chosen by the legislature. *Holly v. Auld,* 450 So.2d 217, 219 (Fla.1984) (quoting *A.R. Douglass, Inc. v. McRainey,* 102 Fla. 1141, 137 So. 157, 159 (1931)).

The Report criticizes *Ziegler* on a number of grounds but points to no contrary District Court of Appeal decision, nor to any persuasive indication from the Florida Supreme Court that it would reach a different conclusion.  This Court's research has disclosed no Florida case expressly discussing the meaning of "award" in this context, although one federal district court case appears to follow *Ziegler* implicitly.[1]

Consistent with *Ziegler* and other directives from the Florida state courts in the area of statutory construction, this Court is required to give the term "award" its ordinary meaning.  As such, it would be improper for this Court to read into the statute an additional condition – that an award was actually paid.  Likewise, it would be improper for this Court to read into the statute a requirement that a final and enforceable judgment exist in the sense that the judgment either has not been appealed or has been affirmed on appeal, rather than settled by the defendant prior to

---

[1] See *Benestad v. Johnson & Johnson*, No. 20-60496-CIV-SINGHAL/Valle, 2022 WL 5239882 (S.D. Fla. Mar. 28, 2022).   Two federal district court cases contain language that assumes payment is a determinative or relevant factor, but they have no express discussion or analysis of the issue.  *See Starbuck v. R.J. Reynolds Tobacco Co.*, No. 3:09-cv-13250-WGY-HTS, 2018 WL 4781364 (M.D. Fla. Oct. 3, 2018); *Service Corp. Int'l v. Cont'l Cas. Co.*, No. 04-CIV-61156-GOLD/TURNOFF, 2006 WL 8446047 (S.D. Fla. Nov. 22, 2006).

an appellate determination. Accordingly, the Court believes that "award" as used in the statute refers to a jury verdict or a judgment for punitive damages, without regard to settlement, payment, or the award's appellate status.[2]

The Report accurately identifies a number of possible flaws in the analysis undertaken by the Fourth District Court of Appeal in *Zielgler*. While those points are certainly valid, it should also be recognized that there are valid arguments in support of the Fourth District's approach in *Ziegler*. The Florida Supreme Court has emphasized that statutory interpretation should look first and primarily to the meaning of the statute based on the ordinary meaning of the terms used and clues to meaning provided by the statutory context. *Advisory Opinion to Governor re Implementation of Amendment 4, The Voting Restoration Amendment*, 288 So. 3d 1070, 1078 (Fla. 2020) ("We therefore adhere to the 'supremacy-of-text principle': 'The words of a governing text are of paramount concern, and what they convey, in their context, is what the text means.'") (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 56 (2012)); *see also Levy v. Levy*, 326 So. 3d 678, 681 (Fla. 2021) (same). These contextual clues should be exhausted before determining that the meaning of a term is unclear and requires

---

[2] If a judgment awarding punitive damages is reversed on appeal, then the original "award" ceases to exist. However, unless and until that happens, the award stands for purposes of barring successive awards. In the same way, a judgment will bar successive litigation under principles of res judicata and collateral estoppel, even if the judgment is the subject of a pending appeal. *See Sporea v. Regions Bank, N.A.*, No. 20-11812, 2021 WL 2935365, at *2 (11th Cir. July 13, 2021) (Florida law); *In re DeMasi*, No. 8:13-bk-08406-MGW, 2015 WL 3956135, at * 5 (Bankr. M.D. Fla. June 26, 2015), *aff'd sub nom. Kondapalli v. DeMasi*, 551 B.R. 653 (M.D. Fla. 2016) (Florida law); *see also Jaffrey v. Wallace*, 837 F.2d 1461, 1467 (11th Cir. 1988) (same under federal law).

further efforts at statutory construction. *See Conage v. United States*, 36 So. 3d 594, 598 (Fla. 2022); *Shim v. Buechel*, 339 So. 3d 315, 317 (Fla. 2022).

The term "award" has a range of ordinary or dictionary meanings and usage in the legal world. *See, e.g., Schoeff v. R.J. Reynolds Tobacco Co.*, 232 So. 3d 294, 299-300 (Fla. 2017) (referring to a jury verdict as an "award"). The word can refer to a judgment entered by a court or to the relief provided by such a judgment, but it can also refer to a jury's verdict or the relief it contains, even if subject to review and modification by the court. In fact, "award" is used in precisely that way in this same statute in addressing the trial court's authority to modify a jury's award. *See* § 768.73(1), *F.S.* It also bears note that the next subsection in the statute expressly provides that the amount of attorney's fees related to punitive damages is to be determined by reference to the "final judgment for punitive damages." This different language in subsection (3) further supports the idea that an "award" of punitive damages as used in § 768.73(2) refers to something less conclusive than a "final judgment." But even if "award" in that subsection contemplates a judgment for punitive damages, rather than simply a jury verdict, it would be a departure from ordinary usage to further require an "award" that is "final [and] enforceable" in the sense described in the Report.

Finally, assuming it is appropriate to consider policy and practical concerns, the Court believes the concerns emphasized in the Report (that defendants are sufficiently punished ) must be balanced against the statute's overall driving purpose – to limit successive punitive damage awards. Ultimately, the approach outlined in the Report

does not give adequate weight to the statute's overall purpose – limiting successive punitive damage awards.

When all is said and done, there are good arguments on both sides of this issue, and reasonable people may certainly differ. But the Florida state courts have already spoken on this issue, and this Court does not have the option to take a different path. The Court is bound to follow *Ziegler*.

***Plaintiffs' Showing Under § 768.73(2)(b), F.S.***

Section (2)(b) of the statute provides:

> In subsequent civil actions involving the same act or single course of conduct for which punitive damages have already been awarded, if the court determines by clear and convincing evidence that the amount of prior punitive damages awarded was insufficient to punish that defendant's behavior, the court may permit a jury to consider an award of subsequent punitive damages. In permitting a jury to consider awarding subsequent punitive damages, the court shall make specific findings of fact in the record to support its conclusion. In addition, the court may consider whether the defendant's act or course of conduct has ceased. Any subsequent punitive damage awards must be reduced by the amount of any earlier punitive damage awards rendered in state or federal court.

§ 768.73(2)(b), *F.S.*

The Knauf Defendants' summary judgment motion argued that Plaintiffs could not establish by clear and convincing evidence that the prior award was insufficient. They relied primarily on the amounts they have paid and remediation they have provided pursuant to settlements with various parties. As a result, they argued, because they have "stepped up to the plate and paid hundreds of millions of dollars to make homeowners whole," as a matter of law, there is no reason to punish them further. The Knauf Defendants also briefly assert they have "paid out $6 million in

punitive damages in a prior suit arising from the same alleged acts or series of conduct," and are therefore entitled to "judgment as a matter of law dismissing the Plaintiffs' punitive damages claims . . ."

Plaintiffs responded in opposition by noting that the amount actually paid in satisfaction of the prior punitive award was unknown, and that even if Knauf Defendants had paid the entire punitive award, that only amounted to $6 million against a total of more than $600 million in total damages paid, less than 1 % of the total. Plaintiffs also argued that the Defendants' misconduct has continued because they continue to violate a duty to warn homeowners of the defect.

The Report concludes that the "merits and demerits" of the Knauf Defendants' conduct are in dispute, and that "the record could support findings of both reprehensible and laudable aspects of Defendants' activities. Sifting the evidence and reaching appropriate findings is not for resolution on summary judgment." The Report accordingly recommends denying the motion for summary judgment without prejudice, and that a time for final briefing and potentially a hearing should be set to address whether clear and convincing evidence shows the amount of the prior award was insufficient to punish Defendants' behavior.

This result seems appropriate for at least two reasons.

First, it is not clear that a motion for summary judgment is the appropriate procedural mechanism for a defendant to invoke the protections of § 768.72(3), *F.S.* The exception contemplates the court will "determine" the insufficiency *vel non* of the prior award by clear and convincing evidence, which suggests consideration on a full

record, not summary judgment. Other decisions by Florida courts refer to the defendants as having filed a notice invoking their rights, or a "motion to invoke" their rights, under the statute. *See, e.g., Benestad v. Johnson & Johnson*, No. 20-60496-CIV- SINGHAL/Valle, 2022 WL 5239598, at *1 (S.D. Fla. Oct. 4, 2022); *Philip Morris USA, Inc. v. Rintoul*, 342 So. 3d 656, 662 (Fla. 4th DCA 2022); *Ocasio v. C.R. Bard, Inc.*, No. 8:13-cv-1962-T-36AEP, 2020 WL 3288026, at *1 (M.D. Fla. June 18, 2020); *Starbuck v. R.J. Reynolds Tobacco Co.*, No. 3:09-cv-13250-WGY-HTS, 2018 WL 4781364, at *1 (M.D. Fla. Oct. 3, 2018).

Second, the Court believes the fact intensive nature of the issues to be addressed by the Court would benefit from further briefing and evidence. The Knauf Defendant's summary judgment motion did not focus in any detail on the "amount of prior punitive damages awarded" or whether *that* amount was sufficient or insufficient to punish their behavior, which is the focus of the statute. Instead, the motion looked primarily to their overall payment of damages and remediation efforts pursuant to settlements outside of the prior litigation. While
the latter may well be a factor in addressing the determination required by the statute, the summary judgment motion failed to discuss why that is the case or more generally to explain the specific factors or standards the Court should apply in determining the sufficiency of the amount of the prior award, or precisely how their total payments relating to other litigation should be factored into that determination.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. The report and recommendation is **AFFIRMED** and **ADOPTED IN PART**, and **REJECTED IN PART**, as set forth herein, and is made a part of this Order for all purposes, including appellate review.

2. "Defendants' Motion for Partial Summary Judgment as to Issues Common to All Cases and Incorporated Memorandum of Law" (Doc. 50), as it relates to the issue of punitive damages, is **DENIED WITHOUT PREJUDICE** to Defendants' pursuit of relief under § 768.73(2), *F.S.*

3. The Court will by separate notice set a briefing schedule and/or a further hearing to determine whether the prior award in the *Robin* litigation precludes a successive award of punitive damages in this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 23rd day of March, 2023.

        **TOM BARBER**
        **UNITED STATES DISTRICT JUDGE**